IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

SIERRA TRANSIT MIX, INC.,
a New Mexico corporation,

        Debtor.                           No. 11-07-12887M

SIERRA TRANSIT MIX, INC.,
a New Mexico corporation,

        Plaintiff,

vs.                                       Adv. No. _____

SANGRE DE CRISTO GRAVEL PRODUCTS,
LLC and FRANCISCO MELENDEZ,

        Defendants.

## COMPLAINT FOR TURNOVER

        COMES NOW Sierra Transit Mix, Inc., by and through its counsel of record, Rodey, Dickason, Sloan, Akin & Robb, P.A. by James A. Askew and for its Complaint for Turnover against Sangre de Cristo Gravel Products, LLC and Francisco Melendez, hereinafter ("Defendants") states as follows:

        1.     Sierra Transit Mix, Inc. ("STM") filed a voluntary Chapter 11 petition in this Court on November 15, 2007 under Chapter 11 of the Bankruptcy Code.

        2.     Sangre de Cristo Gravel Products, LLC ("SCGP") is a New Mexico limited liability company with its principal place of business in San Miguel County, New Mexico.

        3.     Francisco Melendez ("Melendez") is a resident of Rio Rancho, Sandoval

County, New Mexico and is the organizer of and Registered Agent for SCGP.

4. This Court has jurisdiction over this adversary proceeding and the estate's property pursuant to 28 U.S.C. § 1334(b) and (e).

5. This action is a core proceeding pursuant to 11 U.S.C. §542(a) and 28 U.S.C. § 157(b)(2)(E).

6. Venue is proper in this court pursuant to 28 U.S.C. §1409(a).

7. STM is a concrete and asphalt manufacturing and road construction business located in Las Vegas, New Mexico. It provides concrete and asphalt services in San Miguel, Mora, Guadalupe, Quay, Lincoln, and Harding counties.

8. Robert J. Gerhardt started STM in 1963 and has served as its President since its formation.

9. In 2006, SCGP and Melendez approached Robert J. Gerhardt about the possible sale of STM to them.

10. Mr. Gerhardt entered into good faith negotiations with SCGP and Melendez for the sale of STM's equipment, inventory and other assets and the lease of Gerhardt's construction yard.

11. Although the parties negotiated some of the terms related to this transaction, at no time did the parties ever enter into any form of contract, oral or otherwise, regarding either the sale of STM's equipment, inventory or other assets of for the lease of Gerhardt's construction yard.

12. In March 2007, with STM's consent, SCGP and Melendez entered Gerhardt's construction yard and took possession of, and began using STM's equipment, inventory, manufacturing facilities and the construction yard for their own benefit. The equipment,

inventory and manufacturing facilities belong to, and are the rightful property of, STM.

13. Since that time, SCGP and Melendez have remained on the construction yard premises and have continued to use and operate all of the equipment, inventory and other assets that belong to STM.

14. The equipment, inventory and manufacturing facilities belong to STM and are property of the bankruptcy estate.

15. Demand has been made of Defendants and Defendants have refused to return STM's equipment, inventory, manufacturing facilities and other assets.

16. Pursuant to 11 U.S.C. §542, Defendants should be ordered to turnover to STM its equipment, inventory and other assets, including but not limited to the assets listed on STM's Schedule B, filed in the main case.

WHEREFORE, the Plaintiff prays for a judgment for Turnover of the Property, for costs, attorney's fees, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: /s/ James A. Askew
James A. Askew
Attorney for Plaintiff
Post Office Box 1888
Albuquerque, NM 87103-1888
Telephone: (505) 768-7351
Telecopier: (505) 768-7395