UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: SIERRA TRANSIT MIX, INC.,  No. 11-07-12887 MS
a New Mexico corporation,

Debtor.

---

SIERRA TRANSIT MIX, INC.,
a New Mexico corporation,

    Plaintiff,

v.  Adversary No. 07-1169 M

SANGRE DE CRISTO GRAVEL PRODUCTS, LLC
and FRANCISCO MELENDEZ,

    Defendants.

## ORDER GRANTING MOTION FOR ABSTENTION

THIS MATTER is before the Court on the Motion for Abstention filed by Defendants Sangre De Cristo Gravel Products, LLC and Francisco Melendez (together, "SCGP"), by and through their attorney of record, Daniel J. Behles. The Court held a final hearing on the Motion for Abstention on January 3, 2008, and took the matter under advisement. At issue is whether the Court should abstain from hearing this adversary proceeding that includes a count for turnover of property of the bankruptcy estate under 11 U.S.C. § 542 and a count for violation of the automatic stay.[1] SCGP asserts that labeling this action as an action for turnover of property SCGP maintains is not property of the bankruptcy estate does not render this matter a core

---

[1] The Complaint filed in this adversary proceeding requested turnover of property of the estate under 11 U.S.C. § 542, and was subsequently amended before the filing of an answer to add a count for violation of the automatic stay. (*See* Docket No. 1 and Docket No. 5).

1

proceeding, and that the Court must abstain under the mandatory abstention provisions found in 28 U.S.C. § 1334(c)(2)[2] applicable to non-core, related proceedings. Alternatively, if the Court finds that mandatory abstention does not apply, SCGP maintains that the Court should exercise its discretion to abstain from hearing this adversary proceeding under the permissive abstention standards found in 11 U.S.C. § 1334(c)(1).[3]

After review of the Motion for Abstention and the response thereto, and after consideration of the arguments presented at the final hearing, the exhibit admitted at the final hearing, and the temporary restraining order[4] entered in the state court proceeding initiated by SCGP against Sierra Transit Mix, Inc., a New Mexico corporation ("Sierra Transit"), the Court finds that while this adversary proceeding is a core proceeding, there is sufficient cause for the

---

[2]That section provides:
> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

[3]That section provides:
> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

[4]Both parties referenced the temporary restraining order in their arguments, and agreed that the Court could consider it in deciding the Motion for Abstention despite the fact that it was not entered into evidence. A copy of the temporary restraining order is attached as Exhibit C to Plaintiff's Response to Defendants' Motion for Abstention (Docket # 9).

Court to exercise its discretion and abstain from hearing this matter under the standards for permissive abstention under 28 U.S.C. § 1334(c)(1). In reaching this determination, the Court FINDS:

1. Sierra Transit filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 15, 2007.

2. Before Sierra Transit filed its voluntary petition, SCGP filed a lawsuit against Sierra Transit in the Fourth Judicial District Court, State of New Mexico as Case No. D412CV200700479 ("State Court Action").

3. The State Court Action has not been removed to this Court. No copy of the complaint filed in the State Court Action was attached to any of the documents filed in this adversary proceeding, nor was a copy of such complaint offered as an exhibit at the final hearing on the Motion for Abstention.

4. As part of the State Court Action, SCGP obtained a temporary restraining order against Sierra Transit. (*See* Temporary Restraining Order (Second) attached as Exhibit C to Plaintiff's Response to Defendants' Motion for Abstention (Docket No. 9)).

5. The temporary restraining order finds that SCGP "ha[s] established a prima facie case of . . .[its] purchase of [Sierra Transit] and that contrary to this contract of purchase, [Sierra Transit] has interfered with the orderly transition of this business from its former owner, Robert Gerhardt, to the new owner" and that "[t]he Court documents demonstrate specifically that the former owner of [Sierra Transit] has refused to re-register the trucks that are part of the property sold to [SCGP] . . ."

6. Sierra Transit filed its Complaint for Turnover on November 28, 2007, and filed its

First Amended Complaint for Turnover and Damages for Violation of the Automatic Stay on December 7, 2007.  (the complaint, as amended will be referred to hereinafter as "Complaint").

7.  The Complaint asserts that certain equipment and inventory, including certain vehicles, are property of the bankruptcy estate and requests a judgment for turnover of the property.

8.  Exhibit B admitted into evidence at the final hearing on the Motion for Abstention consists of vehicle and equipment certificates of title the reflect Sierra Transit as the record owner.   The vehicles and equipment identified in the certificates of title are the vehicles and equipment that are the subject of Sierra Transit's request for turnover.

9.  SCGP filed a motion for relief from stay in Sierra Transit's bankruptcy proceeding, seeking relief from the automatic stay to allow it to proceed with the State Court Action.  (*See,* Case No. 07-12887 MS, Docket No. 6).

10.  Sierra Transit filed a Disclosure Statement and Plan of Reorganization on December 12, 20007. (*See,* Case No. 07-12887 MS, Docket No. 29 and Docket No. 30).  An order conditionally approving the Disclosure Statement was entered on December 14, 2007, and a final hearing on confirmation of the Plan of Reorganization is set for January 22, 2008.  (*See,* Case No. 07-12887 MS, Docket No. 32).

DISCUSSION

Mandatory abstention applies to non-core proceedings.[5]   A proceeding is considered

---

[5]28 U.S.C. § 1334(c)(2) (applicable to actions "based upon a State law claim or State law cause of action, related to a case under title 11, but not arising under title 11 or arising in a case under title 11 . . . "); *In re 4 Front Petroleum, Inc.,* 345 B.R. 744,749 (Bankr.N.D.Okla. 2006) (reciting the elements necessary to mandatory abstention, including the requirements that "the proceeding does not arise under  title 11 or arise in a case under  title 11 ( i.e.,  is not a 'core'

4

"core" when it involves rights created by bankruptcy law, or when such proceeding would only arise within a bankruptcy proceeding.[6] Sierra Transit states that this adversary proceeding which seeks turnover of property is a core proceeding because it arises under a provision of the bankruptcy code. *See* 11 U.S.C. § 542(a) (requiring entities in control or possession of property that the trustee may use, sell, or lease, to deliver such property to the trustee); 28 U.S.C. § 157(b)(2)(E) (core proceedings include "orders to turn over property of the estate."). SCGP counters, and correctly points out that filing an adversary proceeding under the turnover statute does not necessarily render the proceeding "core" for purposes of determining the Court's jurisdiction.[7] SCGP argues further that the request for turnover under 11 U.S.C. § 542 necessarily presumes that the property is property of the estate, and that whether the property at

---

proceeding), but is 'related to' a case under title 11 ( i.e., is a 'non-core' proceeding )"; *In re Mills,* 163 B.R. 198, 202 (Bankr.D.Kan. 1994)("For mandatory abstention under 28 U.S.C. § 1334(c)(2) to apply, the proceeding in question must be a non-core, related proceeding.")(citations omitted). *But see* 28 U.S.C. § 157(b)(4) (expressly excluding non-core proceedings under 28 U.S.C. § 157(b)(2)(B) concerning allowance or disallowance of claims against the estate and exemptions from property of the estate from the mandatory abstention provisions of 2 U.S.C. § 1334(c)(2)).

[6]*See Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990) ( "Core proceedings are proceedings which have no existence outside of bankruptcy." ) (citation omitted); 28 U.S.C. § 157(2)(A)-(O) (listing matters included within core proceedings).

[7]*See Treadway v. United Bank & Trust Co. (In re Treadway),* 117 B.R. 76, 81 (Bankr.D.Vt. 1990) (characterizing the claims raised in an adversary proceeding within the statutory terms defining core proceedings is not dispositive of whether the proceeding is core)(citation omitted); *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Service, Inc.),* 81 B.R. 422, 427 (Bankr.S.D.Tex. 1987) (noting that "[o]ften a proceeding, cast in the language of a core proceeding, merely shrouds state law actions under the guise of a bankruptcy issue."). *See also, In re Apex Express Corp.,* 190 F.3d 624, 631-632 (4th Cir. 1999) (discussing split in authority as to whether an action to collect accounts receivable is a core proceeding, noting that some courts who consider such actions "core" view actions to recover accounts receivable as "turnover" claims under § 542(b), and concluding that claims to collect on outstanding accounts receivable which arise pre-petition and are grounded in state law must be treated as "non-core" proceedings).

5

issue in this adversary proceeding is property of the bankruptcy estate remains in dispute. SCGP contends that the vehicles and equipment are not property of the estate, and that it is the rightful owner. But the determination of whether property is property of the bankruptcy estate can also properly be characterized as a core proceeding.[8] In considering the substance of adversary proceeding as a whole, the Court finds that this adversary proceeding falls within its core jurisdiction. Consequently, mandatory abstention under 28 U.S.C. § 1334(c)(2) is inapplicable.

A court may nevertheless abstain from hearing core proceedings under 28 U.S.C. § 1334(c)(2), which provides for permissive abstention from both core and non-core proceedings, in the interest of justice, comity with state courts, or respect for state law.[9] Factors many courts

---

[8] *See* 28 U.S.C. § 157(b)(2)(A) and (O)(core proceedings include "matters concerning the administration of the estate" and "other proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship); *Bayless v. Crabtree Through Adams,* 108 B.R. 299, 303 (W.D.Okla. 1989), *aff'd,* 930 F.2d 32 (10th Cir. 1991) (Table) (affirming bankruptcy court's determination that turnover proceeding which involved issues of state law regarding ownership of the property at issue was a core proceeding, and rejecting appellants' contention that because the central dispute concerned whether the property was property of the estate, it could not be a core proceeding because it hinged solely upon state law, noting that "the ownership question must be resolved as a 'threshold' matter in virtually every turnover proceeding.")(citation omitted); *In re American Freight System, Inc.,* 236 B.R. 47, 53 (Bankr.D.Kan.1999) (discussing *Gardner,* and noting that "[a]lthough determination of whether the marital property is part of the bankruptcy estate is a core proceeding, the later determination of the ownership of the marital property as between third parties . . . is not a core proceeding.")(citations omitted). *But compare Hassett v. BancOhio Nat'l Bank (In re CIS Corp.),* 172 B.R. 748, 756 (S.D.N.Y. 1994) (concluding that a proceeding which sought to recharacterize lease transaction as financing arrangement was a non-core proceeding because the proceeding was "fundamentally an action to determine disputed *ownership* in property" and that "[s]uch an action arises under state law . . . and is independent and outside the reach of the bankruptcy process.")(emphasis in original)(citations omitted).

[9] 28 U.S.C. § 1334(c)(1). *See also Bricker v. Martin,* 348 B.R. 28, 34 (W.D.Pa. 2006)(noting that, "unlike section 1334(c)(2), section 1334(c)(1) indicates that permissive abstention applies to both core and non-core proceedings.")(citing *Republic Reader's,* 81 B.R. at 426).

6

consider in determining whether to grant a request for permissive abstention include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.
>
> *Bricker v. Martin,* 348 B.R. at 34 (citations omitted). *See also, In re Oakwood Acceptance Corp.,* 308 B.R. 81, 87-88 (Bankr.D.N.M. 2004) (reciting the same factors for discretionary abstention).

These factors should be applied flexibly, based on the circumstances of the case, and the presence of any one factor is not determinative of whether permissive abstention should be granted. *Bricker v. Martin,* 348 B.R. at 34 (citing *In re Earned Capital Corp.,* 331 B.R. 208, 221 (Bankr.W.D.Pa. 2005)(remaining citation omitted).

Based on these factors, the Court finds that SCGP's request for permissive abstention should be granted. First, abstention will not impermissibly interfere with the efficient administration of Sierra Transit's bankruptcy estate. The Complaint filed in this adversary proceeding acknowledges that there is a dispute between the parties over whether there was an agreement for the sale and purchase of the business, which includes the vehicles and equipment that are the subject of the turnover action. And while this adversary proceeding is a separate matter, clearly the contract dispute between Sierra Transit and SCGP underlies both proceedings. Sierra Transit points out that its counterclaims raised in the State Court Action sound in tort, rather than contract, are based on conversion, unjust enrichment, trespass, and prima facie tort.

7

But the fact that Sierra Transit does not explicitly request turnover of the vehicles and equipment as part of the State Court Action does not weigh in favor of continuing this adversary proceeding.

The State Court Action will adjudicate the underlying dispute between the parties, and will consequently determine whether Sierra Transit has more than bare legal title to the vehicles and equipment that are the subject of this turnover action. If not, this turnover action is not viable. In addition, the claims adjudication process central to Sierra Transit's reorganization efforts can be considered after the resolution of the State Court Action.[10]

Other factors relevant to permissive abstention also weigh in favor of abstention. State law issues predominate, since the turnover action would necessarily require this Court to determine the ownership of the property at issue. There is no federal court jurisdiction over this adversary proceeding other than 28 U.S.C. § 1334. The State Court Action has already been commenced and, as discussed above, arises from the same dispute over the alleged contract for the sale of the business which underlies the question of ownership of the vehicles and equipment necessary to the resolution of this adversary proceeding. The State Court Action involves the same parties as this adversary proceeding. Finally, given the timing of the filing of the bankruptcy, the initiation of this adversary proceeding, and the prior entry of the temporary restraining order in the State Court Action, there is at least an appearance that Sierra Transit may

---

[10]*Cf. Reader's Service,* 81 B.R. at 430 (noting that enforcement of any judgment in the state court forum is precluded by operation of the automatic stay, such that the effect on the administration of the bankruptcy estate would be minimal, and that once the liability under the contract at issue is determined elsewhere, the bankruptcy court can then "determine any issues relating to the administration of any funds accruing to the estate, or any resulting claim asserted against the estate.").

8

be shopping for what it perceives to be a more favorable forum.  Even though the automatic stay prevented the immediate continuation of the State Court Action, allowing this adversary proceeding to go forward would unnecessarily interfere with litigation between these parties that began pre-petition.

Based on the foregoing, the Court concludes that it should, in the interest of comity with state courts, exercise its discretion to abstain from hearing this core proceeding in accordance with 28 U.S.C. § 1334(c)(1).

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Abstention is GRANTED.

*(signature)*
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket:  January 9, 2008

COPY TO:

| | |
|---|---|
| James A. Askew | Daniel J. Behles |
| Attorney for Plaintiff | Attorney for Defendants |
| PO Box 1888 | 226-A Cynthia Loop NW |
| Albuquerque, NM 87103 | Albuquerque, NM 87114 |

9